**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3510-20

JINU KRISHNANKUTTY,

    Plaintiff-Appellant,

v.

ELLIOT KOLB,

    Defendant-Respondent,

and

PROGRESSIVE INSURANCE CO.,

    Defendant.

_____

Submitted June 2, 2022 – Decided July 8, 2022

Before Judges Gilson and Gummer.

On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Docket No. L-3350-19.

Dario, Albert, Metz, Eyerman, Canda, Concannon, Ortiz & Krouse, attorneys for appellant (Patrick M. Metz, on the brief).

Law Offices of Viscomi & Lyons, attorneys for respondent (Mario C. Colitti, on the brief).

PER CURIAM

In this automobile-negligence case, plaintiff Jinu Krishnankutty appeals an order granting summary judgment to defendant Elliot Kolb and dismissing the complaint with prejudice. The judge granted the motion based on the perceived inadequacies or improprieties of plaintiff's expert reports. Because the motion judge erred in granting summary judgment based on the record presented, we reverse and remand.

I.

We discern the facts from the summary-judgment record, viewing them in the light most favorable to plaintiff. See Richter v. Oakland Bd. of Educ., 246 N.J. 507, 515 (2021).

In a complaint filed on May 2, 2019, plaintiff alleged he had sustained injuries on March 9, 2017, when defendant's vehicle collided with his vehicle.[1] Plaintiff had selected "Limitation on Lawsuit" as his "tort option" in the policy that insured him at the time of the accident.

---

[1] According to the police crash investigation report, the collision occurred on May 9, 2017.

A-3510-20

On January 28, 2020, plaintiff served with his answers to interrogatories a "Comprehensive Health Report," dated April 4, 2019, "concerning [plaintiff's] injuries." Chiropractor Dr. Marie de Stefan, who prepared the report, had examined plaintiff on August 11, 2017. During the examination, Dr. de Stefan performed a foraminal compression test, a Soto-Hall test, a Goldthwait test, a Lesague straight leg raising test, a Braggard test, a Gaenslen test, a Faber-Patrick test, a Kemp sign test, and a Whartenberg neurological instrument test.

Dr. de Stefan in her report summarized an MRI report prepared by radiologist Dr. Priyesh Patel. She diagnosed plaintiff as having: "cervico-thoracic sprain strain with associated dyskinesia and myofascitis"; "thecal sac impingement and some neuroforaminal narrowing with subsequent concomitant radicular symptoms"; "multiple thoracic subluxation complexes resulting in persistent spasm, inflammation and dyskinesia"; "lumbo-sacral sprain/strain with associated dyskinesia and myofascitis"; "radicular symptomology (as per electrodiagnostic studies)"; and an annular tear and multiple disc herniations and bulges "as per MRI report."

Dr. de Stefan opined plaintiff "did receive an injury as a result of the accident," specifically "trauma to the cervical and lumbar spine causing vertebrae to be misaligned, discs to herniate, tear and/or bulge, ligaments to be

3

stretched and nerves to be irritated, giving rise to [plaintiff's] symptoms." She found "formation of scar tissue at the injury site has caused a permanent loss of elasticity, which is evident in the examination findings." Dr. de Stefan concluded: "as a result of the above evidence, as well as other continuing objective, orthopedic, and neurological findings, it is my professional opinion that [plaintiff] has suffered a significant limitation of use of the affected areas of the spine as a result of this accident."

After 509 days, including one extension by the parties' consent and two extensions granted as a result of defendant's motions, discovery ended on March 6, 2021. On May 13, 2021, before the court had scheduled the trial, defendant filed a summary-judgment motion. The basis of defendant's motion was his criticism of Dr. de Stefan's report.

Defendant argued that because plaintiff had elected the limitation-on-lawsuit tort option in his insurance policy, plaintiff had to prove he had sustained a permanent injury as a result of the accident. Defendant asserted plaintiff had failed to "offer any experts who diagnose him with the requisite permanent injury mandated by N.J.S.A. 39:6A-8(a)." Defendant characterized Dr. de Stefan's opinions as "nothing more than subjective rhetoric not amounting to proven permanency" and argued her "vague phrasing and terminology [did] not

rise to the standard of proving permanent injury . . . ." Defendant faulted Dr. de Stefan's report as being "purely speculative" and as constituting "an inadmissible net opinion." Defendant also contended Dr. de Stefan could not testify at trial because she had not independently reviewed the MRI films.[2] Defendant "assumed" Dr. de Stefan was plaintiff's "only named expert" because plaintiff had not "formally" identified any other expert. Defendant did not include in his motion a copy of plaintiff's discovery responses or any pre-trial submissions identifying trial witnesses.

On May 24, 2021, plaintiff served on defendant a report dated May 14, 2021, prepared by osteopath Dr. Ross Nochimson. In a June 2, 2021 email, a paralegal from plaintiff's law firm advised defense counsel plaintiff was amending his interrogatory answers to include Dr. Nochimson's report and that "the delay for the subject report was due to COVID-19 [p]andemic restrictions."

In his report, Dr. Nochimson attributed plaintiff's "permanent cervical and lumbar spinal injuries to the motor vehicle accident." He reached that conclusion "[b]ased upon a thorough review of all the . . .

---

[2] During oral argument, plaintiff's counsel advised the motion judge Dr. de Stefan had not reviewed the actual MRI films but had "rel[ied] on the MRI report."

A-3510-20

documents/records/studies and subjective and objective findings upon my

clinical examination."[3]  Dr. Nochimson also opined:

> The injuries described above are permanent as the body
> parts have not healed to function normally and will not
> heal to function normally with further medical
> treatment.  The permanent injuries are based upon
> objective, credible evidence and are verified by
> physical examination and medical testing and are not
> based solely upon subjective complaints.

In opposition to the motion, plaintiff's counsel argued "the Dr. [de] Stefan

report satisfie[d] the [the Automobile Insurance Cost Reduction Act (AICRA),

N.J.S.A. 39:6A-1.1 to -35,] requirements and c[ould] be attacked by the defense

on cross examination."  Referencing Dr. de Stefan's report, plaintiff's counsel

contended "the word 'permanency' in terms of the elasticity to the ligament is

enough to satisfy the requirements of AICRA" and "attacks on those reports can

be made in front of a jury.  . . . [I]t is and always has been a question . . . for the

jury to decide whether or not there is permanent injury."

After hearing oral argument, the motion judge granted defendant's motion

and placed her decision on the record.  The judge found "[t]he content of Dr.

[de] Stefan's report [was] insufficient to present a prima facie case for the

_____

[3]  During oral argument, plaintiff's counsel advised the motion judge Dr. Nochimson had not examined plaintiff and characterized his report as "a medical review."

satisfaction of a verbal threshold." The judge acknowledged Dr. de Stefan had used "the word 'permanent' in the permanent loss of elasticity" but faulted Dr. de Stefan for "not describ[ing] any correlation between her or any objective findings that she had with the . . . permanency conclusions that she reaches." The judge found Dr. de Stefan had "rel[ied] exclusively on the diagnostic conclusions of Dr. Patel" and that plaintiff was "attempting to introduce hearsay statements of . . . a non-testifying expert through this testifying expert" contrary to James v. Ruiz, 440 N.J. Super. 45, 65-70 (App. Div. 2015). Finding "Dr. [de] Stefan's report is what counted," the judge stated she was "not persuaded by the late submission of" Dr. Nochimson's report and faulted Dr. Nochimson for not examining plaintiff and for preparing only "a paper review of the medical records." Noting plaintiff could have sought an extension of the discovery period, the judge found plaintiff's "attempt to amend [his] discovery is completely out of time without any basis suggesting, supporting any extraordinary circumstances." The judge issued an order that day, granting defendant's motion and dismissing the complaint in its entirety with prejudice.

On appeal, plaintiff argues the motion judge erred in granting summary judgment because plaintiff had provided adequate evidence to satisfy the requirements of AICRA, specifically N.J.S.A. 39:6A-8, plaintiff had presented

a fact question sufficient to defeat defendant's summary-judgment motion, and defendant would not be prejudiced by the late submission of Dr. Nochimson's report. In response, defendant contends the motion judge properly granted his motion, having correctly rejected Dr. de Stefan's report as an insufficiently supported net opinion and Dr. Nochimson's report as too late.

## II.

We review a grant of summary judgment "de novo and apply the same standard as the trial court." Rios v. Meda Pharm., Inc., 247 N.J. 1, 13 (2021). Summary judgment will be granted when "the competent evidential materials submitted by the parties," viewed in the light most favorable to the non-moving party, show there are no "genuine issues of material fact," and that "the moving party is entitled to summary judgment as a matter of law." Grande v. St. Clare's Health Sys., 230 N.J. 1, 23-24 (2017) (quoting Bhagat v. Bhagat, 217 N.J. 22, 38 (2014)). We must give the non-moving party "the benefit of the most favorable evidence and most favorable inferences drawn from that evidence." Est. of Narleski v. Gomes, 244 N.J. 199, 205 (2020) (quoting Gormley v. Wood-El, 218 N.J. 72, 86 (2014)). We owe no special deference to the motion judge's legal analysis. RSI Bank v. Providence Mut. Fire Ins. Co., 234 N.J. 459, 472 (2018).

In New Jersey, the holder of every standard automobile liability insurance policy must select one of two tort options: the "[l]imitation on lawsuit option" or the "[n]o limitation on lawsuit option." N.J.S.A. 39:6A-8. A person covered by an insurance policy with the limitation-on-lawsuit option enjoys only "a limited right of recovery" for noneconomic damages sustained in an automobile collision. DiProspero v. Penn, 183 N.J. 477, 486 (2005). When a plaintiff is covered by the limitation-on-lawsuit option, he or she is bound to the "verbal threshold" and may recover in tort for noneconomic damages only if he or she "vault[s]" the threshold. Davidson v. Slater, 189 N.J. 166, 189 (2007).

To vault the verbal threshold, a plaintiff must satisfy two burdens. First, to obtain noneconomic damages, a plaintiff must show that "as a result of bodily injury, arising out of [a defendant's] . . . operation . . . or use of . . . [his or her] automobile in this State . . . [the plaintiff suffered] a permanent injury within a reasonable degree of medical probability, other than scarring or disfigurement." N.J.S.A. 39:6A-8(a). A "permanent injury" is one that "has not healed to function normally and will not heal to function normally with further medical treatment." Ibid.; see also Sackman v. N.J. Mfrs. Ins. Co., 445 N.J. Super. 278, 290 (App. Div. 2016). A plaintiff must prove the existence of a permanent injury with objective clinical evidence. Escobar-Barrera v. Kissin, 464 N.J. Super.

9

224, 234 (App. Div. 2020). Second, a plaintiff must show his or her injuries were proximately caused by the defendant's negligence. Davidson, 189 N.J. at 185.

Dr. de Stefan's report is not a paragon of clarity. But that is not the standard a party opposing a summary-judgment motion must meet to defeat the motion. An opposing party needs to demonstrate the existence of a genuine issue of material fact based on the evidence, "together with all legitimate inferences therefrom favoring the non-moving party . . . ." Bhagat, 217 N.J. at 38.

There is a lot we don't know. The record contains no indication Dr. de Stefan was deposed. See Congiusti v. Ingersoll-Rand Co., 306 N.J. Super. 126, 131 (App. Div. 1997) ("While the experts had not fully disclosed their theories in their reports, had they been deposed . . . , their depositions might have fully revealed the bases for their eventual testimony."). We don't know exactly what Dr. de Stefan meant by her finding that a "formation of scar tissue at the injury site has caused a permanent loss of elasticity, which is evident in the examination findings." We don't know if by "permanent loss of elasticity" she meant a permanent injury as defined by N.J.S.A. 39:6A-8(a). By "evident in the examination findings," she presumably meant the findings from the examination

10

she had conducted, which would mean the motion judge was wrong when she concluded Dr. de Stefan had "rel[ied] exclusively on the diagnostic conclusions of Dr. Patel." We don't know if the many tests Dr. de Stefan conducted during her examination of plaintiff were subjective in nature or, instead, provided the objective clinical evidence necessary to support a finding of a permanent injury. See Escobar-Barrera, 464 N.J. Super. at 234. The record does not include plaintiff's discovery responses or any pre-trial submissions. So, we don't know if defendant's assumption about what expert witnesses plaintiff intended to call at trial was correct or if plaintiff planned to call Dr. Patel as a witness, which would render unfounded the judge's concern about plaintiff "attempting to introduce hearsay statements of . . . a non-testifying expert through this testifying expert" contrary to James, 440 N.J. Super. at 65-70.

Without the answers to those questions, we are left with Dr. de Stefan's conclusion that "formation of scar tissue at the injury site has caused a permanent loss of elasticity, which is evident in the examination findings." Giving plaintiff all legitimate inferences, that conclusion is sufficient to create a genuine issue of material fact and the judge should have denied the motion.

We find meritless defendant's argument the motion judge correctly rejected Dr. de Stefan's report as a net opinion. The judge never actually made

11

that finding. She did not cite any net-opinion cases or even use the phrase "net opinion" in her decision.

Plaintiff states in his brief that Dr. Nochimson's report was "unnecessary" because, as argued by plaintiff, Dr. de Stefan's report was sufficient. Given that statement and our reversal of the order granting summary judgment, we do not know if plaintiff intends to attempt to rely on Dr. Nochimson's report. We comment on the issue for the sake of clarity.

We can understand the motion judge's reluctance to consider Dr. Nochimson's report given that plaintiff did not submit it timely, did not move to reopen discovery, and based the report's untimely submission on an unsworn, unsupported, and generic statement of a paralegal that "the delay for the subject report was due to COVID-19 [p]andemic restrictions." On remand, plaintiff may choose to take no action regarding Dr. Nochimson's report or may move to reopen discovery, providing support for the assertion the report was delayed due to the pandemic. We take no position on any potential motion to reopen discovery and trust the trial court will be mindful of the extraordinary circumstances created by the pandemic and of the challenges it created for litigants, lawyers, and the court system. See Lawson v. Dewar, 468 N.J. Super. 128, 138-39 (2021) (holding that when considering "whether a brief delay

caused by . . . additional discovery . . . will further delay [a] trial," the "judge should assess when [the] case might realistically be sent out to trial" given the delays causes by the pandemic).

Reversed and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3510-20